UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Adriana V. Contreras
and other similarly situated individuals,

      Plaintiff(s),

v.

El Alacran Supermarket Inc,
d/b/a La Bendición Supermercado
and Israel Gonzalez, individually,

      Defendants,

_____/

## **COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Adriana V. Contreras, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants El Alacran Supermaket Inc, d/b/a La Bendicion Supermercado, and Israel Gonzalez, individually, and alleges:Z

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Adriana V. Contreras is a resident of Orange County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant La Bendicion Supermercado, Inc. (from now on La Bendicion Supermercado, or Defendant) is a Florida corporation, having a place of business in Orlando, Orange County, Florida, where Plaintiff worked for Defendant.

4. The individual, Defendant Israel Gonzalez, was and is now the owner/partner/officer and manager of Defendant Corporation La Bendicion Supermercado. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Adriana V. Contreras as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and

who worked more than forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being adequately compensated.

7. Defendant La Bendicion Supermercado is a Latin supermarket and restaurant. Defendants' business is located at 1717 W. Oakridge Road, Orlando, FL 32809, where Plaintiff worked.

8. Defendants La Bendicion Supermercado and Israel Gonzalez employed Plaintiff Adriana V. Contreras as a non-exempted, full-time, hourly supermarket employee from October 29, 2019, to September 19, 2020, or 46 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 37 weeks. Before January 01, 2020, Plaintiff did not work overtime hours.

9. Plaintiff's primary duty was the performance of manual, non-exempted, general retail store duties such as warehousing, receiving, palletizing, stocking shelves, store attendant, and cashier. Plaintiff worked in all positions, and she had multiple regular responsibilities, including some clerical duties, and janitorial work such as cleaning the bathrooms, cleaning the floors, and sweeping the store's parking lot, etc.

10. Plaintiff had a wage rate of $16.25. From the date of her hiring to approximately December 30, 2019, Plaintiff did not work overtime hours, and she does not have any complaint about this period.

11. However, on or about January 01, 2020, Plaintiff was misclassified as an assistant manager, and she was offered a wage rate of $39.37 an hour. Plaintiff was promised to be paid overtime hours at the rate of time and one half her regular rate, or $59.06 an overtime hour.

12. After her misclassification as Assistant Manager, Plaintiff continued performing the same manual duties, and in addition, multiple responsibilities were added to her daily workload. Plaintiff drove the company truck to pick up merchandise, she had to buy emergency supplies for the supermarket and the restaurant and solve any problems running the supermarket.

13. Plaintiff worked 7 days per week, a total of 93 hours weekly, without being paid for overtime hours. Plaintiff was paid $1,575.00 weekly, covering 40 regular hours, but she was not paid for overtime hours.

14. Plaintiff's work did not involve any administrative or management of the business. She never exercised any discretion or independent judgment with respect to any matter of significance. Plaintiff just performed the job assigned to her by the owner of the business Israel Gonzalez exactly like any

other employee.   Plaintiffs also performed some clerical duties such as ordering merchandise from suppliers, reporting hours worked to the payroll company, and handling cash and bank deposits.

15. Plaintiff performed more than 90% of non-administrative, non-exempted work and less than 10% clerical work.

16. Plaintiff worked under the supervision of the business owner, Israel Gonzalez**.**

17. In this period, Plaintiff had a regular schedule. Plaintiff worked 7 days per week. From Monday to Friday, Plaintiff worked from 9:00 AM to 10:30 (13.5 hours each day). On Saturdays and Sundays, Plaintiff worked from 9:00 AM to 10:00 PM (13 hours each day). Plaintiff worked a total of 93.5 hours weekly. Plaintiff was not able to take bonafide lunchtime, she ate while working.

18. Plaintiff did not clock in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated employees. Plaintiff worked under the supervision of the owner of the business Israel Gonzalez, and he knew about the number of hours worked by Plaintiff.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

20. Plaintiff was paid weekly with paystubs that did not show the number of days and the actual number of hours worked.

21. Plaintiff disagreed with the lack of payment for overtime hours, and she complained verbally to the owner of the business Israel Gonzalez several times. Defendant Israel Gonzalez promised Plaintiff to fix the problem soon.

22. On or about September 19, 2020, Plaintiff left her position because she was working too many overtime hours, but she was not receiving compensation for overtime hours.

23. Plaintiff Adriana V. Contreras intends to recover overtime, for every hour over 40 weekly, during her entire relevant period of employment with Defendants, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half her regular rate.

26. This action is intended to include any supermarket employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiff Adriana V. Contreras re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. Defendant La Bendicion Supermercado was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a Latin supermarket and restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a supermarket employee.

Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

30. Defendants La Bendicion Supermercado and Israel Gonzalez employed Plaintiff Adriana V. Contreras as a non-exempted, full-time, hourly supermarket employee from October 29, 2019, to September 19, 2020, or 46 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 37 weeks. Before January 01, 2020, Plaintiff did not work overtime hours.

31. Plaintiff's primary duty was the performance of manual, non-exempted, general retail store work. Plaintiff had a wage rate of $16.25 an hour.

32. From the date of her hiring to approximately December 30, 2019, Plaintiff did not work overtime hours, and she does not have any complaint about this period.

33. However, on or about January 01, 2020, Plaintiff was misclassified as an assistant manager, and she was offered a wage rate of $39.37 an hour. Plaintiff was promised to be paid overtime hours at the rate of time and one-half her regular rate, or $59.06 an overtime hour.

34. After her misclassification as Assistant Manager, Plaintiff worked 7 days per week, a total of 93.5 hours weekly, without being paid for overtime hours.

Plaintiff was paid $1,575.00 weekly, covering 40 regular hours, but she was not paid for overtime hours.

35. Plaintiff continued performing the same manual duties, and in addition, multiple responsibilities were added to her daily workload. Plaintiff drove the company truck to pick up merchandise and to buy emergency supplies for the supermarket and the restaurant and solving any problems running the supermarket. Plaintiff was not able to take bonafide lunchtime, she ate while working.

36. Plaintiff performed more than 90% of non-administrative, non-exempted work and less than 10% clerical work.

37. Plaintiff's work did not involve any administrative or management of the business. She never exercised any discretion or independent judgment with respect to any matter of significance, and she was entitled to be paid for overtime hours.

38. Every week, Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

39. Plaintiff did not clock in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated employees. Plaintiff worked under the supervision of the owner of the business Israel Gonzalez,

and he knew about the number of hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

41. Plaintiff was paid weekly with paystubs that did not show the number of days and the actual number of hours worked.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but she will provide a reasonable faith estimate based on his recollections and the best of her knowledge. After discovery, Plaintiff will amend her statement of claim accordingly.

   a. Total amount of alleged unpaid O/T wages:

      One Hundred Sixteen Thousand Nine Hundred Nine Dollars and 27/100 ($116,909.27)

   b. Calculation of such wages:

      Total period of employment: 46 weeks
      Relevant weeks of employment:  37 weeks
      Total hours worked:  93.5 hours weekly
      Total unpaid O/T hours: 53.5
      Regular rate: $39.37 an hour x 1.5=$59.06 O/T rate
      O/T rate: $59.06

      $59.06 x 53.5 O/T hours=$3,159.71 weekly x 37 weeks=$116,909.27

   c. Nature of wages (e.g., overtime or straight time):

      This amount represents unpaid overtime wages.

46. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. At times mentioned, individual Defendant Israel Gonzalez was, and is now, the owner/partner/manager of La Bendicion Supermercado. Defendant Israel Gonzalez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in La Bendicion Supermercado's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Israel Gonzalez had financial and operational control of the business and determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

49. Defendants La Bendicion Supermercado and Israel Gonzalez willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and

remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Adriana V. Contreras and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Adriana V. Contreras and other similarly situated individuals and against the Defendants La Bendicion Supermercado and Israel Gonzalez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Adriana V. Contreras actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Adriana V. Contreras demands a trial by a jury of all issues triable as of right by a jury.

Dated:  May 17, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*